UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAIFUSIN CHIU,<br><br>                Plaintiff,<br><br>        v.<br><br>DONALD TRUMP,<br><br>                Defendant. | No.  2:25-cv-0704 DJC AC PS<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se.  The matter accordingly was referred to the undersigned by E.D. Cal. R.  302(c)(21).  Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915 and has submitted the affidavit required by that statute.  See 28 U.S.C. § 1915(a)(1).  The motion to proceed IFP will therefore be granted.

                                                    I.  SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute.  The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Under the Federal Rules of Civil Procedure, the complaint

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint is unintelligible.[1]  ECF No. 1.  There is no clearly identifiable incident that forms the basis of the complaint.  No causes of action are asserted.  The sentences in the complaint do not make sense.  For example, plaintiff writes: "Restrict versus picky on boundary line versus borderline on human right and law in overall life achievement."  ECF No. 1 at 5. The complaint consists entirely of such sentences, written in a lyric-like format.

## III.  DISCUSSION

The complaint does not contain facts that indicate any basis for federal jurisdiction or that support any cognizable legal claim against any defendant.  The undersigned finds that the complaint consists entirely of fanciful and nonsensical sentences and allegations with no basis in law and no plausible supporting facts.  Accordingly, the complaint cannot support relief and must be dismissed.  See Neitzke, 490 U.S. at 327; Twombly, 550 U.S. at 570.

It is readily apparent that amendment would be futile.  Although leave to amend is generally to be granted with liberality, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  Considering the content of the complaint before the court, the undersigned finds that it would be futile to grant plaintiff leave to amend.

---

[1]  The court notes that plaintiff has filed numerous cases in this district against various defendants, each presenting the same kind of nonsensical, lyric-like complaint as this case, and each resulting in an immediate recommendation of dismissal for frivolity.  Such cases include but are not limited to: Chiu v. Trump, 2:22-cv-00764 KJM AC; Chiu v. President of the United States, 2:22-cv-00809 TLN DB; Chiu v. Saechou, 2:23-cv-00094 DAD KJN; Chiu v. Consumnes River College, 2:23-cv-00096 TLN CKD; Chiu v. President of the US, 2:23-cv-00097 DJC JDP; Chiu v. Extra Space Storage, 2:23-cv-00099 KJM AC.  An order to show cause why plaintiff should not be declared a vexatious litigant is currently pending in Chiu v. The President of US, 2:25-cv-0157 TLN AC at ECF No. 4.

1                 IV.    PRO SE PLAINTIFF'S SUMMARY

2       Your request that the court waive your filing fee is being granted and you will not have to

3 pay the filing fee in this case.  However, because your complaint does not make any legal claim

4 or provide facts that could support any legal claim, the undersigned is recommending that your

5 case be dismissed.

6                       V.  CONCLUSION

7       In accordance with the above, IT IS HEREBY ORDERED that plaintiff's application to

8 proceed in forma pauperis (ECF No. 2), is GRANTED.

9       Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should

10 be DISMISSED.

11       These findings and recommendations are submitted to the United States District Judge

12 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

13 after being served with these findings and recommendations, plaintiff may file written objections

14 with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

15 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

16 time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

17 (9th Cir. 1991).

18       IT IS SO ORDERED.

19 DATED: April 24, 2025

20

21                               ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28